Foster, J. (dissenting).
I would affirm the dismissal of respondent’s conviction upon the unanimous conclusion of the Appellate Part of the former Court of Special Sessions of the City of New York that section D26-3.1 of the Administrative Code of the City of New York (Multiple Dwelling Code) does not “ impose any liability upon anyone other than the true owner for failure to file a registration of ownership.”
Respondent, as managing agent of certain premises in Manhattan, was convicted of the offense of failing to file statements of registration and occupancy. Under the afore-mentioned section of the code: ‘ ‘ Every owner of a multiple dwelling shall file with the department * * * a written registration statement ” containing among other information a description of the premises, the name and residence of the owner, and the designation of “ a managing agent in control of and responsible for the maintenance and operation of such dwelling in accordance with the provisions of the multiple dwelling law and this title ” (emphasis supplied).
The Multiple Dwelling Code (Administrative Code of the City of New York, § D26-2.2) defines the term “owner” in the following manner:
“§ D26-2.2 Definitions.— Unless otherwise eoopressly provided, whenever used in this title, the following terms shall mean or include: * * *
“15. ‘ Owner. ’ The owner of the freehold of a multiple dwelling or lesser estate therein, a mortgagee or vendee in *182 possession, assignee of rents, receiver, executor, trustee, lessee, agent, or any other person, firm or corporation, directly or indirectly in control of a multiple dwelling. Any reference in this title to an owner of a multiple dwelling shall he deemed to designate collectively any and all of the foregoing, including, but not limited to, the owner of the freehold or lesser estate therein and a managing agent designated by such owner pursuant to subdivision a, b, c, or d of section D26-3.1 of this title ” (emphasis supplied).
Upon a close reading of the above section the court below reasoned: “ [W]hen the defining section speaks of a ‘ managing agent designated by such owner,’ such owner refers, in the language of the defining section itself, to ‘ the owner of the freehold or lesser estate ’ who designates the managing agent 1 pursuant to subdivision a, b, c, or d of Sec. D26-3.1.’ Thus, even within the language of the defining section, it seems apparent that the 1 owner, ’ whose duty it is under Sec. D26-3.1 to designate a managing agent, is the true owner, and not owner as previously defined in the defining section, and it is the duty of the true owner to file a registration of ownership and not the duty of the managing agent so designated by the true owner in the registration.”
A comparison of the code with the Multiple Dwelling Law shows that the registration provision in the State statute (Multiple Dwelling Law, § 325) sets responsibility not only on the owner alone, but equally on an agent and lessee as well by exact reference (see, also, Multiple Dwelling Law, § 4, subd. 44), with no requirement of the designation of such a managing agent. This is far different from the restrictive reference to the owner only in the code with the responsibility upon that owner for the designation of the managing agent, with the agent’s written consent, which “ shall not relieve any such owner of any responsibility or obligation as to compliance with the provisions of this title and of the multiple dwelling law ” (Administrative Code, § D26-3.1, subd. a, par. 3; emphasis supplied). It does not follow in this context that an undesignated managing agent should be charged in the code with the responsibility of designating himself as managing agent under penalty of committing an offense.
*183 Any amendment of the code should be the responsibility of the City of New York. As section D26-3.1 of the Administrative Code now stands and was invoked against respondent, it only imposes liability upon an owner and not upon the managing agent.
The order appealed from should be affirmed.
Chief Judge Desmond and Judges Dye and Buree concur with Judge Fuld; Judge Foster dissents in an opinion in which Judges Froessel and Van Voorhis concur.
Order reversed, etc. [Motion for reargument, and to amend remittitur, see 12 N Y 2d 948, 949.]